# UNITED STATES BANKRUPTCY COURT
# FOR THE
# WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TIMOTHY SCOTT STURGEON | ) | CASE NO.  15-10309 (1)(7) |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| TIMOTHY SCOTT STURGEON | ) | AP No.  15-1019 |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HART COUNTY FINANCE, LLC | ) | |
| | ) | |
| Defendant(s) | ) | |

## MEMORANDUM-OPINION

This matter is before the Court on the Motion to Dismiss Adversary Proceeding filed by Defendant Hart County Finance, LLC ("Hart County").  The Court considered the Motion of Hart County, the Response to that Motion filed by the Plaintiff/Debtor Timothy Scott Sturgeon ("Debtor"), the Reply filed by Hart County, and the comments of counsel at the hearing held on the matter.  For the following reasons the Court will **GRANT** the Motion to Dismiss Adversary Proceeding.  An Order accompanies this Memorandum-Opinion.

## PROCEDURAL BACKGROUND

On March 26, 2015, Debtor filed a Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code in case No. 15-10309.  On Schedule B to the Petition, Personal Property, Debtor listed "Potential action against Hart County Finance" with an amount of

"unknown".  Hart County was also listed on Schedule F to the Petition as a creditor holding an unsecured nonpriority claim.

On March 26, 2015, attorney Mark Flener was appointed as the Interim Trustee on the case.

On May 26, 2015, Trustee Flener held the First Meeting of Creditors pursuant to 11 U.S.C. § 341.  Following the meeting, the Chapter 7 Trustee filed a Report of No Distribution stating after diligent inquiry into the Debtor's financial affairs, there was no property available for distribution over and above that exempted by law.  The Trustee further certified under Fed. R. Bankr. P. 5009 that the estate was fully administered.

On July 6, 2015, Debtor initiated the adversary proceeding at bar against Hart County alleging violations of the Fair Debt Collection Practices Act under 15 U.S.C. § 1692 and violations of the Kentucky Consumer Protection Act pursuant to KRS 367.170.  Debtor also requested a trial by jury.

On July 8, 2015, the Order discharging the Debtor and the Final Decree closing the case was entered.

On August 4, 2015, Hart County filed its Motion to Dismiss.

## LEGAL ANALYSIS

Hart County moved to dismiss the instant adversary proceeding pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure contending this Court lacks subject matter jurisdiction to decide the case.  Hart County contends there is no "related to" jurisdiction since the bankruptcy case is closed and the case was fully administered.  Debtor, however, contends that this Court has "related to" jurisdiction because, if the Debtor is successful and obtains a recovery against Hart

County, creditors could receive a distribution, citing *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d. Cir. 1984).

Under 11 U.S.C. § 554(c), there is a "technical abandonment" of property when, "Unless the court orders otherwise, any property scheduled under section 521(a)(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 360 of this title." In this case, the Debtor scheduled his potential claim against Hart County on his Schedules to his Petition. The Trustee held the § 341 meeting and investigated the financial affairs of the Debtor, including any potential claims against Hart County. By filing his Report of No Distribution, the Trustee effected a technical abandonment of the claim and, as a matter of law, the claim became solely the property of the Debtor.

Once an asset of the estate has been abandoned by the trustee, it is no longer part of the estate and is effectively beyond the reach and control of the trustee. *See In re Bouldin*, 196 B.R. 202 (Bankr. N.D. Ga. 1996). The debtor then retains all right, title and interest in the property as of the date the petition was filed and may seek remedies under state law. *Id.; In re Ross*, 367 B.R. 577 (Bankr. W.D. Ky. 2007). Abandonment removes the property from the jurisdiction of the bankruptcy court. *See LaPaz at Boca Pointe Phase II Condominium Assoc., Inc. v. Bandy*, 523 B.R. 267, 269 (S.D. Fla. 2014), citing *In re Sherrell*, 205 B.R. 20, 22 (Bankr. N.D. N.Y. 1997).

In this case, a technical abandonment occurred when the trustee filed his Report of No Distribution and indicated that any property not administered was abandoned at the close of the case. The court did not order otherwise and no party objected to the Report of No Distribution, nor to the closing of the case. *See In re DeGroot*, 484 B.R. 311 (B.A.P. 6th Cir. 2012). Abandonment removes the asset from the jurisdiction of the bankruptcy court. Therefore, although the adversary

proceeding was filed before the case was closed, the claim at issue here was abandoned to the Debtor before the case was closed. The Court has no jurisdiction over this matter and there cannot be "related to" jurisdiction, as the case was fully administered before the adversary proceeding was filed. Therefore, this Court no longer has jurisdiction over the claim and Debtor retains his state law remedies.

## CONCLUSION

For all of the above reasons, the Motion to Dismiss this Adversary Proceeding filed by Hart County Finance, LLC should be **GRANTED**. An Order dismissing this adversary proceeding accompanies this Memorandum-Opinion.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: November 20, 2015

## UNITED STATES BANKRUPTCY COURT
## FOR THE
## WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TIMOTHY SCOTT STURGEON | ) | CASE NO.  15-10309 (1)(7) |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| TIMOTHY SCOTT STURGEON | ) | AP No.  15-1019 |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HART COUNTY FINANCE, LLC | ) | |
| | ) | |
| Defendant(s) | ) | |

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion to Dismiss Adversary Proceeding filed by Hart County Finance, LLC, be and hereby is, **GRANTED**.  This matter is dismissed.

Joan A. Lloyd
United States Bankruptcy Judge
Dated:  November 20, 2015